## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohammed S. Ibrahim, | Civ. No. 14-3026 (MJD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mayo Clinic, | |
| Defendant. | |

Mohammed S. Ibrahim, *pro se* Plaintiff.

George R. Wood, Esq., Littler Mendelson, PC, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

This matter is before the Court on Plaintiff's motion to reopen the case or for reconsideration (Doc. No. 69). The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. A hearing was held on this matter on September 12, 2016, at which *pro se* Plaintiff and Defendant's counsel were present. For the reasons stated below, this Court recommends that Plaintiff's motion be denied.

## BACKGROUND

This case settled during a settlement conference before the undersigned on December 7, 2015. (Doc. No. 45.) Counsel for the parties stated the material settlement terms on the record, and Plaintiff was present and assented to those terms. (Doc. No. 50.)

Thereafter, a dispute arose when drafting the written settlement agreement. The key dispute was whether the settlement included a release term of dismissal with prejudice. Defendant filed a motion to enforce the settlement, and a hearing was held on April 14, 2016, at which both parties were represented by counsel. At that hearing, the attorneys reiterated the settlement terms stated on the record, and agreed that it was understood by the parties that the settlement would result in the dismissal of this case with prejudice. This Court therefore granted Defendant's motion to the extent it was limited to the material terms as stated on the record, and denied Defendant's motion to the extent it requested more than the terms stated on the record. (Doc. No. 64.) Three days later, United States District Court Judge Michael J. Davis issued an Order of Dismissal that said:

> The Court has been advised that this action has been settled, and therefore
>
> IT IS ORDERED that this action is dismissed with prejudice. The Court will maintain jurisdiction for 60 days to permit any party to submit a stipulated form of final judgment or to move to reopen the action for good cause.

(Doc. No. 65.)

On June 28, 2016, Plaintiff filed a motion to reopen the case.[1] (Doc. No. 69.) Defendant opposes the motion. (Doc. No. 85.)

---

[1] Plaintiff filed this motion *pro se*. Thereafter, Plaintiff's counsel filed a motion to withdraw as counsel of record without substitution based on the fact that Plaintiff had terminated his legal representation in this case. (Doc. No. 74.) The Court granted Plaintiff's counsel's motion to withdraw on July 14, 2016. (Doc. No. 83.)

## DISCUSSION

The entirety of Plaintiff's *pro se* motion to reopen the case states as follows:

> I would [l]ike a motion for reconsideration or to reopen my case because I have not rec[ie]ved any do[]cuments for your action of dismissal or enforced settlement order issued by Magistrate Becky R. Th[or]son in my case from my former attorney Ismail Hussine who has been terminated for that reason and others claims is being added to the settlement Agreement on day 7th Dec[.], 2015.

(Doc. No. 69.) In response to Defendant's opposition to the motion, Plaintiff filed a reply memorandum,[2] again asserting he had not received documents regarding dismissal of his case or the Order issued by this Court enforcing the settlement. (Doc. No. 87.) In his reply, Plaintiff also asserts that "[t]he settlement terms and conditions are not acceptable to me because it is intended to deprive me of reserving my right to initiate court proceedings in respect of two counts of claims which have not been pleaded by my first attorney." (*Id.* at 1–2.) Plaintiff confirms that he "agreed in principle" to settle the four counts pleaded in his Complaint, but asserts that he had not agreed to release claims for racial discrimination or for violation of the Whistleblower Protection Act, which were not pleaded in the Complaint but were requested by him of his attorney to be included in the pleading. (*Id.* at 2–3.)

At the hearing on September 12, 2016, the Court provided Plaintiff with a copy of its Order dated April 19, 2016, and Plaintiff confirmed that he had reviewed that Order.

---

[2] Although Plaintiff's reply brief was untimely filed, the Court denied Defendant's request to strike the reply, and indicated that it would consider the *pro se* submission. (Doc. No. 92.)

3

Plaintiff also confirmed that he was present during the December 7, 2015 settlement conference and that he had agreed to the material settlement terms as stated on the record. Based on that concession, there is no dispute that a binding settlement was reached on December 7, 2015.

Pursuant to Judge Davis's April 22, 2016 Order, Plaintiff must provide good cause to reopen this case. (Doc. No. 65.) He has not. Plaintiff argues that his attorney did not provide him with relevant documents and made representations on the record during the motion to enforcement the settlement that Plaintiff had not agreed with. Because of that, Plaintiff wants to reopen this case, renege on the settlement that he entered into, and be allowed an opportunity to assert two new claims that were not pleaded in his Complaint. Plaintiff fails to recognize, however, that a settlement was reached on December 7, 2015, which he was fully apprised of and which he agreed to. And the only settlement terms enforced by the Court through Defendant's motion to enforce the settlement were those terms that were stated on the record on December 7, 2015, which, again, were those terms he was fully apprised of and agreed to.

In addition to not providing good cause to reopen the case, Plaintiff's motion fails under either District of Minnesota Local Rule 7.1(j) (which governs requests for permission to file a motion for reconsideration), or Federal Rule of Civil Procedure 60. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (stating that a motion for "reconsideration" directed at an order is properly considered under Rule 60). Rule 60 "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008)

4

(quotations omitted).[3] Pursuant to District of Minnesota Local Rule 7.1(j),[4] the Court will only grant permission to file a motion to reconsider "upon a showing of compelling circumstances," such as to "correct manifest errors of law or fact or to present newly discovered evidence." *Buetow v. A.L.S. Enters., Inc.*, Civ. No. 07-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010) (quoting D. Minn. LR 7.1(h) and *Mumid v. Abraham Lincoln High Sch.*, Civ. No. 05-2176 (PJS/JJG), 2008 WL 2938159, at *3 (D. Minn. July 22, 2008)[5]). A party cannot use a motion to reconsider "as a vehicle to reargue the merits of the underlying Motion." *Id.*

Here, Plaintiff has not shown exceptional or compelling circumstances for this Court to reconsider its prior Orders. "Rule 60(b) is not a vehicle through which a litigant can have a federal court rewrite his contract when he later becomes dissatisfied with it." *Allan v. Benson*, No. 10-176 (ADM/JJK), 2012 WL 2087165, at *5 (D. Minn. Apr. 5, 2012), *report and recommendation adopted*, No. 10-176 (ADM/JJK), 2012 WL 2087163 (D. Minn. June 8, 2012), *aff'd*, 497 F. App'x 693 (8th Cir. 2013); *see also Mardanlou v.*

---

[3] Rule 60(b), in relevant part, allows for relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(1)–(3).

[4] At the time of the *Buetow* decision, the applicable Local Rule was Local Rule 7.1(h). Local Rule 7.1 was later amended and reorganized whereby the substance in paragraph (h) moved to paragraph (j).

[5] At the time of the *Mumid* decision, the paragraph in Local Rule 7.1 that addressed requests for permission to file a motion to reconsider was paragraph (g).

*Gen. Motors Corp.*, 69 Fed. App'x. 950, 952 (10th Cir. July 21, 2003) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996), for the proposition that "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts" and denying a Rule 60(b) motion where the movant took the deliberate action of executing the settlement agreement and "simply misapprehended the consequences of that action").

Further, Plaintiff's complaints about his prior counsel are unavailing. A plaintiff "is . . . not entitled to relief from the Judgment [or an order] based on any ignorance or carelessness he may perceive on the part of his counsel." *Allan v. Benson*, No. 10-176 (ADM/JJK), 2012 WL 2087165, at *4 (citing *Heim v. C.I.R.*, 872 F.2d 245, 247 (8th Cir. 1989) (stating that the Eighth Circuit Court of Appeals has "generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief.") (internal quotation marks omitted)). Furthermore, here, Plaintiff's complaints are unsupported. Plaintiff was represented during settlement negotiations with counsel. Plaintiff was given an opportunity to consider the settlement before he agreed to it on the record. *See id.* at *5 (denying Rule 60 relief and noting that "Plaintiff presents no basis on which this Court could conclude that the settlement agreement's terms were something other than the product of the parties' deliberate, counseled choices"). And Plaintiff's assertions that he did not receive documents or communications from his attorney related to the motion to enforce the settlement, the order granting that motion, and the order dismissing this case are discredited by the affidavit filed by his attorney explaining his many communications with Plaintiff and his attempts at forwarding Court orders and file

6

documents to Plaintiff. (Doc. No. 76.) Indeed, Plaintiff acknowledged at the September 12, 2016 hearing that he had reviewed the Court's April 19, 2016 Order, contradicting his own assertion in his motion that he had not received it.

Simply put, Plaintiff has not shown that relief from the Orders entered in this case is warranted for any of the reasons delineated in Rule 60(b) or based on Local Rule 7.1. Therefore, even if Plaintiff had shown good cause to reopen this case (which he has not), because he has not shown exceptional or compelling circumstances to reconsider the Court's prior orders, Plaintiff's motion, to the extent it requests reconsideration, should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "motion for reconsideration or to reopen [his] case" (Doc. No. 69), be **DENIED**, and

2. Judgment be entered accordingly.

Date: October 7, 2016

                                         *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **October 21, 2016**. A party may respond to those objections within **fourteen days** after

service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.